## BARNESON v. SMYTH.
### No. 27929.

United States District Court
N. D. California, S. D.
March 25, 1949.

Brady & Nossaman, Los Angeles, Cal., Joseph D. Brady and James L. Wood, Los Angeles, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., and William E. Licking,

---

**658**

Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

The Court finds that:

Upon the trial the parties through their respective counsel duly made and filed their written stipulation of facts. As and for its findings of fact the Court adopts said stipulation, including the exhibits attached thereto, and, based upon said stipulation as supplemented by certain admissions and oral testimony, finds the essential facts to be as follows:

I. Plaintiff, Muriel E. Barneson, was duly adjudged to be incompetent on April 3, 1936. Lionel T. Barneson has at all times since April 3, 1936 been the duly appointed, qualified and acting guardian of her person and estate.

II. At all material times plaintiff Muriel E. Barneson and said Lionel T. Barneson were, and still are, citizens of the United States, domiciled in the State of California.

III. Defendant is, and at all times since May 14, 1945, has been, the duly appointed and acting Collector of Internal Revenue for the First District of California.

IV. On January 1, 1941 one John Barneson was indebted in the amount of $150,000 to plaintiff Muriel E. Barneson for cash loans in the aggregate sum of $150,000 made by plaintiff to said John Barneson in 1928 and 1929, no part of which has ever been repaid.

V. Plaintiff duly filed her federal income tax return for the calendar and taxable year 1941. In that return she claimed a bad debt deduction in the amount of $150,000 representing the aforesaid debt. Subsequently, said return was examined by the Internal Revenue Agent in Charge at San Francisco. Said official disallowed the $150,000 bad debt deduction, made certain other adjustments, and eventually asserted, on behalf of the Commissioner of Internal Revenue, a deficiency for the taxable year 1941 of $70,369.97. Plaintiff has not claimed and the Commissioner has not allowed any part of said $150,000 as a deduction from plaintiff's gross income in any other taxable year.

VI. On June 28, 1945, plaintiff paid to the defendant, as Collector of Internal Revenue, the sum of $70,369.97, the amount of the asserted deficiency. Said payment was made under simultaneous written protest that no deficiency was owing. Subsequently on notice and demand from the defendant, plaintiff paid defendant, on October 18, 1945, the sum of $13,872.52 as interest on said asserted deficiency. The amount of $1,037.92 of the asserted deficiency of $70,369.97, and the amount of $204.62 of the interest of $13,872.52 arose from adjustments other than disallowance of said bad debt deduction, and it has been stipulated by the parties in this case that plaintiff is entitled to recover such sums, with interest as provided by law, regardless of the decision as to the bad debt issue. The balance of the deficiency paid, to wit, $69,332.05, and the balance of the interest paid, to wit, $13,667.90, arise from the bad debt deduction disallowance.

VII. Plaintiff duly filed an appropriate and timely claim for refund of the tax and interest above mentioned. The Commissioner failed to render a decision thereon within six months after filing or at all.

VIII. No part of the tax or interest paid by the plaintiff, as aforesaid, has been refunded or credited or repaid.

IX. Plaintiff commenced this action within the time and in the manner provided by law.

X. Said debt of $150,000 did not become worthless at any time prior to February 25, 1941, the date of John Barneson's death.

XI. Said debt became worthless within the taxable year 1941.

XII. There was probable cause for the acts done by defendant James G. Smyth, Collector of Internal Revenue, acting pursuant to the orders and directions of the Commissioner of Internal Revenue.

### Conclusions of Law.

As Conclusions of Law from the foregoing Findings of Fact, the Court concludes that:

I. The Court has jurisdiction of the parties and the subject matter of this action.

II. The debt in the amount of $150,000 heretofore referred to became worthless within the taxable year 1941 within the meaning of Section 23(k) (1) of the Internal Revenue Code, as amended, 26 U.S.C.A. § 23(k) (1).

III. Plaintiff was legally entitled to deduct from her gross income for the taxable year 1941 the amount of $150,000 as a bad debt.

IV. Plaintiff is entitled to recover from the defendant the sum of $84,242.49 together with interest as provided by law on $70,369.97 of said amount from June 28, 1945, and on $13,872.52 of said amount from October 18, 1945.

V. By reason of the probable cause for the acts of the defendant or other officials of the Treasury Department, as found by the Court, the judgment to be entered herein, upon becoming final, shall be provided for and paid out of the proper appropriation from the Treasury of the United States.